## In re KAUFMAN.

(Supreme Court, Appellate Term.   December 16, 1908.)

1. ATTORNEY AND CLIENT (§ 189*)—ATTORNEY'S LIEN—SETTLEMENT.
    Under Code Civ. Proc. § 66, an attorney's lien attaches to a settlement.
    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 407; Dec. Dig. § 189.*]

2. ATTORNEY AND CLIENT (§ 192*)—ATTORNEY'S LIEN—VALUE OF SERVICES.
    In the absence of a dispute as to the facts, the court in a proceeding to establish and enforce an attorney's lien may, without a reference, find the value of the attorney's services.
    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 427; Dec. Dig. § 192.*]

Appeal from City Court of New York, Trial Term.

Application of Michael Kaufman to ascertain and enforce an attorney's lien of Samuel Schwartz and others against Abraham Lipps. From an order in favor of petitioner, defendant appeals.   Affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Joseph Hahn, for appellant.
Michael Kaufman, for respondent.

HENDRICK, J.   Appeal from an order ascertaining and enforcing an attorney's lien.   The attorney had a right to have a lien declared in his favor.   Fischer-Hansen v. B. H. R. R. Co., 173 N. Y. 492, 66 N. E. 395.   That lien attaches to any settlement made.   Section 66 of the Code.   It is not denied that a settlement was made.   The question of the amount might have been submitted to a referee, but, as it was not disputed, the court had a right to find the value of the services from the facts before it.

Order affirmed, with $10 costs and disbursements.   All concur.